UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WAYNE JONES,                          )
                                      )
              Plaintiff,              )
                                      )
         v.                           )     No. 4:06cv142(DDN)
                                      )
SAMUEL J. SIMON, et al.,              )
                                      )
              Defendants.             )

<u>ORDER AND MEMORANDUM</u>

       This matter is before the Court upon the application of
Wayne Jones(registration no. OR-99775311), a pretrial detainee,
at the St. Louis City Justice Center (SLCJC), for leave to
commence this action without payment of the required filing fee
[Doc. #1].  For the reasons stated below, the Court finds that
the applicant does not have sufficient funds to pay the entire
filing fee and will assess an initial partial filing fee of
$6.77.  <u>See</u> 28 U.S.C. § 1915(b)(1).  Furthermore, based upon a
review of the complaint, the Court finds that the complaint
should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

       Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing
a civil action in forma pauperis is required to pay the full
amount of the filing fee.  If the prisoner has insufficient funds
in his prison account to pay the entire fee, the Court must
assess and, when funds exist, collect an initial partial filing

fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  See 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint.  See 28 U.S.C. § 1915(a)(1),(2).  A review of applicant's account statement indicates an average monthly deposit of $33.83, and an average monthly account balance of $1.31.  Applicant has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $6.77, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The complaint[1]

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Samuel J. Simon, Director of the City of St. Louis Department of Public Safety; and Gene Stubblefield,

---

[1]For purposes of this review, the complaint consists of the original complaint filed on January 31, 2006 [Doc. #3] and the supplement to the complaint filed on February 22, 2006 [Doc. #4].

Superintendent of the City's Medium Security Institution (MSI). Briefly, plaintiff alleges that guards at MSI are verbally abusive, have made verbal threats, and used racially derogatory terms.

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Mere verbal threats and harassment, without more, do not rise to the level of a constitutional violation. See McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993). To the extent that plaintiff alleges that other inmates been beaten or physically abused by the guards, plaintiff lacks standing to assert such claims as there is no indication that plaintiff has been physically abused. Furthermore, the named defendants - Samuel J. Simon and Gene Stubblefield - cannot be held vicariously liable for the actions of the guards at MSI. Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $6.77 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and

4

to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 14th day of June, 2006.

**UNITED STATES DISTRICT JUDGE**